UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GLENDA HAMPTON                          CIVIL ACTION NO. 06-0721

versus                                  JUDGE STAGG

FRED'S STORES OF LOUISIANA,             MAGISTRATE JUDGE HORNSBY
ET AL.

## MEMORANDUM RULING

Glenda Hampton ("Plaintiff") filed this slip and fall action in state court against Fred's Store of Tennessee, Inc. ("Defendant"), and Defendant removed the case based on an assertion of diversity jurisdiction. The court, *sua sponte,* issued an order (Doc. 10) noting a deficiency in Defendant's pleading of the facts necessary to show diversity of citizenship and the requisite amount in controversy. Defendant was permitted until May 19, 2006 to file an amended notice of removal to cure the issues, failing which the case would be remanded.

Defendant did not file anything before the deadline, but before the court could remand the case, Plaintiff filed a Motion to Remand (Doc. 11), and the court decided to await any response from Defendant before acting on the remand issue. Defendant eventually filed, one month late, an Amended Notice of Removal (Doc. 13) and later filed a memorandum in opposition to the motion to remand. Defendant has finally set forth sufficient facts to show that it is more likely than not that the amount in controversy exceeds $75,000, so the Motion to Remand (Doc. 11) will, for the reasons that follow, be denied.

In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. <u>Luckett v. Delta Airlines</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc</u>., 193 F.3d 848 (5th Cir. 1999).

It is not facially apparent from the petition that the amount in controversy exceeds $75,000. Plaintiff alleged that she slipped and fell on a banana and sustained "injuries to the right side of her body including her right thumb, right wrist and right shoulder causing her to have problems with using the right side of her body for which she had to seek medical care and treatment." The court explained in the earlier Memorandum Order that vague references to "injuries" and "problems" do not provide sufficient facts to satisfy the amount in controversy requirement.

Defendant has now taken Plaintiff's deposition and set forth in its Amended Notice of Removal several specific facts relevant to the damages Plaintiff claims were caused by the alleged slip and fall. Defendant represents that Plaintiff said that she had carpal tunnel syndrome release surgery on both wrists in the 1980's, with no problems since, and a three-level cervical fusion in 1993 or 1994. After the slip and fall, Plaintiff went to a clinic and

complained of pain in her right hand, burning sensation in her right hip and a swollen right thumb. X-rays revealed no fractures, but Plaintiff was referred to the hospital if she needed further treatment. Plaintiff was seen by her primary care physician, Dr. Gardner, the next day, and he prescribed anti-inflammatories and referred her to the hospital for an MRI and X-rays. Plaintiff reported that the films showed a deep bruise in her right thumb and wrist area and damage to the vertebra or disk in her lower back. Dr. Gardner prescribed medication and recommended chiropractic treatment, which Plaintiff received for about four months.

Plaintiff claims that she now has pain and a choking sensation when she turns her head to a certain position and swallows. The pain radiates into her right chest/shoulder area. Physicians are unsure of its cause. Plaintiff has also had to see the two physicians who performed her carpal tunnel releases because, since the fall, she reports a recurrence of right hand and wrist complaints. She also complains of spasms in her hand and swelling fingers. Plaintiff is now wearing a wrist brace and reports that her physicians say surgery on her wrist may be necessary. Plaintiff also reported that she has numbness and pain that travels from her heels, upper leg and lower back when she lies down or stands in flat shoes for any period of time. Plaintiff's motion to remand challenges Defendant's ability to satisfy its burden, but Plaintiff offers no testimony, medical records or other specific facts relevant to the issue.

Each case rests on its own facts. After considering the assertions in the Amended Notice of Removal concerning this case, the undersigned is persuaded that Defendant has

now articulated facts that demonstrate it is more likely than not, if the facts were proven, the amount in controversy exceeds $75,000. The multiple points of injury, the aggravation of prior serious medical problems and the likelihood that surgery will be needed are especially relevant. Accordingly, the **Motion to Remand (Doc. 11)** is **denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of July, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE