RECEIVED
BY _____
JUL 2 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

GLENDA HAMPTON

versus                         CIVIL ACTION NO. 06-0721
                                               JUDGE TOM STAGG

FRED'S STORES OF LOUISIANA
AND FRED'S STORES OF
TENNESSEE d/b/a FRED'S DISCOUNT
STORE, and its insurer

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Fred's Stores of Tennessee ("Fred's"). See Record Document 40. For the reasons set forth below, Fred's motion for summary judgment is **GRANTED**.

### I. BACKGROUND

On March 3, 2005, Glenda Hampton ("Hampton") went to Fred's in Arcadia, Louisiana, to purchase gifts. Hampton contends that as she was pushing her cart towards the check out line, she slipped and fell on what she would later describe as a "dirty, tracked banana" and fell. Record Document 1 at 1. Hampton contends that the "banana had been on the floor for sometime [sic] it was dirty and you could see where

1

other patrons had track [sic] through it." Id.

Hampton filed suit in the Second Judicial District Court in and for the Parish of Bienville, alleging that she suffered injuries due to her fall that caused her to incur medical expenses, pain and suffering, mental anguish and distress, and loss of enjoyment of life. See Record Document 1. Fred's removed the case to this court and, thereafter, filed the instant summary judgment motion, seeking dismissal of all of Hampton's claims. See Record Document 40.

## II. LAW AND ANALYSIS

A. **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the

nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

**B.  Negligence Analysis.**

Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. See Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188 (La. 4/13/99). Under paragraph A of that statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages. See id.

In slip and fall cases governed by this statute, the plaintiff's burden of proof is set forth in paragraph B, which provides as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to

all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). With respect to the second element above, i.e., whether the defendant had actual or constructive notice of the condition that allegedly caused the plaintiff to slip and fall, the definitions section of La. R.S. 9:2800.6 regarding constructive notice provides as follows:

(C)(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1).

The Louisiana Supreme Court has held that the phrase "such a period of time," as used in paragraph (C)(1), constitutes a temporal element that must be shown by a

4

plaintiff in a slip and fall case. Louisiana Revised Statute 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. See Kennedy, 733 So.2d at 1190 (citing White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 9/9/97)). A plaintiff must make a positive showing of the existence of the condition prior to the fall. See id. The merchant who is sued, on the other hand, is not required to make a positive showing of the absence of the existence of the condition prior to the fall. See id.

Although there is no bright line time period relative to the duration of the condition, there is imposed upon the plaintiff "a prerequisite showing of some time period." Kennedy, 733 So.2d at 1190-91. The time period need not be specific in minutes or hours. However, if a plaintiff merely shows that the condition existed, without any additional showing that it existed for "some" period of time, she has not satisfied her burden of proving constructive notice. See id.

In Kennedy, the Louisiana Supreme Court reversed the judgments of both the trial court and the Third Circuit that had been in favor of the plaintiff. The plaintiff in Kennedy slipped on a puddle of water when he was about three or four feet from the checkout lanes in a Wal-Mart store. He argued, and the lower courts agreed, that Wal-Mart had constructive notice because it was raining and the water was on the floor just a few feet from the customer service podium. The Louisiana Supreme Court disagreed,

noting that "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident." Kennedy, 733 So.2d at 1191. He therefore did not carry his burden under La. R.S. 9:2800.6 of proving Wal-Mart's constructive knowledge of the condition.

The plaintiff in the instant matter suffers a similar fate. Hampton has failed to show that Fred's either created or had actual or constructive notice of the small piece of banana skin on the floor prior to her fall.[1] As in Kennedy and White, the plaintiff in the present matter has not produced any significantly probative evidence whatsoever to satisfy the temporal element requirement of La. R.S. 9:2800.6 that the floor area where she slipped was in a condition that posed an unreasonable risk of harm for any length of time. Nor has she offered any such evidence showing that a Fred's employee caused the condition or had actual knowledge of its presence there prior to her fall. To the contrary, plaintiff admitted in her deposition that she did not see the object which caused her to fall. See Record Document 40, Hampton Deposition at 24. Although the plaintiff attempts to meet her burden in this regard by relying upon the deposition of Veronica Anderson, a Fred's employee who witnessed Hampton's fall and who testified that Fred's had a policy of sweeping the floors at night after the store had closed, this is not sufficient to indicate that Fred's had any notice of the existence of the condition

---

[1] Bananas are not sold at Fred's.

of the floor and the piece of banana skin.[2] Thus, the plaintiff has not made a positive showing of the requisite temporal element. See Wilson v. Wal-Mart Stores, Inc., 125 F. App'x 566 (5th Cir. 2005).

In sum, while Hampton fell during her shopping trip at Fred's and sustained what were no doubt painful injuries, the record shows that she has failed to satisfy her burden under La. R.S. 9:2800.6 of coming forward with positive evidence proving that the object on the floor posed an unreasonable risk of harm that was present on the floor for a sufficient period of time to impute constructive knowledge to Fred's of its existence. In the absence of significantly probative evidence on this essential element of the

---

[2]Hampton attempts to make much of the fact that Fred's had a store policy of sweeping and mopping the floors only on a nightly basis *after* customers were gone and that this policy was insufficient to protect customers from an unreasonable risk of harm. However, Fred's submitted the affidavit of store manager, Ester Rutherford ("Rutherford"), from the Arcadia store location who stated that in addition to the nightly mopping and sweeping, "the stocking personnel and the store manager were responsible for walking the aisles and walkways or 'floor' within the store during business hours with the goal to insure that the floors were free from foreign substances." Record Document 43, Affidavit of Rutherford. Rutherford admitted that cashiers had the primary duty of checking out customers and that they would only be responsible for looking for foreign objects when they had no customers. See id. Rutherford stated that she "personally walked the floor at the Fred's store several times on the date in question, prior to the reporting of the alleged accident involving Ms. Hampton, and had not seen any foreign objects." Id. Thus, Hampton's attempt to impute constructive notice to Fred's by virtue of its store policies is insufficient. In addition, Louisiana Revised Statute 9:2800.6(B)(3) clearly states that in determining reasonable care, "the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care."

plaintiff's claim, the defendant's motion must be granted.

## III. CONCLUSION

Based on the foregoing analysis, Fred's motion for summary judgment is **GRANTED**. See Record Document 40. All claims by the plaintiff are **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 28th day of July, 2008.

_____<br>JUDGE TOM STAGG